UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LAURIE VALENTINE,

      **Plaintiff,**

  v.

**RIVERSIDE RADIOLOGY AND INTERVENTIONAL ASSOCIATES, INC.,** *et al.*,

      **Defendants.**

:

Case No. 2:24-cv-357
Chief Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

:

:

## OPINION AND ORDER

Laurie Valentine filed this action against her former employer Riverside Radiology and Interventional Associates, Inc., Premier Imaging Ventures, LLC dba LucidHealth, and John Does #1–10 alleging disability discrimination, retaliation, and interference with her Family Medical Leave ("FMLA") rights. Defendants have moved to dismiss two of her claims, arguing that Ms. Valentine's FMLA claims are time-barred. (Mot., ECF No. 26.) For the reasons set forth below, Defendants' Motion is **DENIED**.

### I. BACKGROUND

The following factual allegations from the Amended Complaint are considered as true. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016).

Ms. Valentine worked as a registered nurse for Defendants from 2004 until she was terminated on January 28, 2022. (Am. Compl., ¶ 11.) She worked at several of Defendants' office locations, most recently the Dublin, Ohio location. (*Id.*)

In or around 2005, Ms. Valentine was diagnosed with an autoimmune disorder that has caused her to suffer some vision loss. (*Id.*, ¶ 12.) She then used FMLA leave at various times related to her autoimmune disorder before taking an extensive FMLA leave to receive medical treatment in 2018. (*Id.*, ¶ 13–15.) Since 2020, Ms. Valentine has taken time off for numerous medical appointments and procedures without using FMLA leave; Defendants did not offer or provide her with FMLA paperwork for the leave in 2020 or after. (*Id.*, ¶ 16.)

In the fall of 2021, Ms. Valentine's doctor recommended that she get chemotherapy treatments for her autoimmune disorder. (*Id.*, ¶ 17.) When she discussed this course of treatment with Julie Landholt (Defendants' Human Resources Manager), she asked whether she should take FMLA leave to recover from her chemotherapy treatments. (*Id.*, ¶ 18.) But Ms. Landholt discouraged her from using FMLA leave, advising her to take paid time off. (*Id.*, ¶ 19.) Ms. Valentine followed Ms. Landholt's instructions and took paid time off intermittently in November 2021 through January 2022. (*Id.*, ¶ 20.)

Although Ms. Valentine performed her duties satisfactorily and was not subject to any disciplinary action prior to taking intermittent leave, Defendants terminated her employment on January 28, 2022. (*Id.*, ¶ 20–22.)

## II. MOTION TO DISMISS

### A. Standard of Review

Rule 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and

quotations omitted). *See also* Fed. R. Civ. P. 8(a). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

    **B.    Analysis**

Defendants seek dismissal of Counts One and Two of the Amended Complaint, arguing that Ms. Valentine failed to file this action within the two-year statute of limitations for an FMLA claim and the three-year period for willful FMLA violations does not apply.

An FMLA claim is subject to a two-year statute of limitations, unless the FMLA violation was "willful," in which case the statute of limitations is three years.

3

29 U.S.C. § 2617. "A willful violation is shown when an employer knew or showed reckless disregard regarding whether its conduct was prohibited." *Williams v. Northwest Airlines,* 53 Fed. Appx. 350, 352 (6th Cir. 2002) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132–35 (1988)). "[T]he central inquiry in determining whether a violation of the FMLA is willful is 'whether the employer intentionally or recklessly violated the FMLA.'" *Crugher v. Prelesnik*, 761 F.3d 610, 617 (6th Cir. 2014) (quoting *Hoffman v. Prof'l Med Team*, 394 F.3d 414, 417 (6th Cir. 2005)). "A plaintiff 'must do more than make the conclusory assertion that a defendant acted willfully.'" *Id.* (quoting *Katoula v. Detroit Entm't, LLC*, 557 F. App'x 496, 498 (6th Cir. 2014)).

The statute of limitations begins to run on "the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c).

### 1. Count One: FMLA Interference

Ms. Valentine alleges that Defendants violated the FMLA in October 2021, by discouraging her from taking FMLA leave for medical treatments related to her disability. (Am. Compl., ¶ 19.) She says that she was encouraged to use paid time leave and was not provided with documentation regarding her eligibility for FMLA leave. (*Id.*) Thus, unless she adequately alleged that Defendants' violation was willful, Ms. Valentine had until October 2023 to file her FMLA interference claim; she initiated this action on January 29, 2024.

4

Ms. Valentine alleges that Defendants "lacked good faith and reasonable grounds" to believe they had not violated the FMLA and concludes that "[at] all times material herein, Defendants' conduct was willful." (Am. Compl., ¶ 31). While this allegation alone would not be enough, it must be read in context with Ms. Valentine's other allegations, including (among other things) that Ms. Landholt discouraged her from taking more FMLA leave after she had already done so related to her autoimmune disorder. She had FMLA leave available, and she told Defendants that the additional time off was related to her autoimmune disorder, a disability that she had for more than fifteen years. Ms. Valentine's history with taking extended and intermittent FMLA leave for her autoimmune disorder indicates that Defendants were aware that she was eligible for FMLA leave when she discussed her options with Ms. Landholt. Ms. Valentine's allegations, taken as a whole, give rise to an inference that Defendants acted with knowledge that its conduct was prohibited by the FMLA, or with reckless disregard to Ms. Valentine's rights under the FMLA.

Defendants' Motion to Dismiss Count One is **DENIED.**

### 2. Count Two: FMLA Retaliation

Defendants argue that Ms. Valentine failed to file her FMLA retaliation claim within the two-year statute of limitations. (Mot., at PAGEID # 129.) The Parties agree that the clock on her retaliation claim began to run with her

termination on January 28, 2022, but they dispute whether the statutory period expired on January 28, 2024, or 2025.[1] (ECF Nos. 26–27.)

January 28, 2024, was a Sunday, and Ms. Valentine filed her Complaint on the next day, Monday, January 29, 2024. The Federal Rules of Civil Procedure provide that, to compute a time period stated in days or a longer unit of time, a court "include[s] the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1).

The Sixth Circuit has made clear that Rule 6(a) applies to the calculation of all statute of limitations in federal court. *Bartlik v. United States DOL*, 62 F.3d 163, 166 (6th Cir. 1995); *Merriweather v. City of Memphis*, 107 F.3d 396, fn 4 (6th Cir. 1996). Accordingly, Ms. Valentine timely filed her Complaint on January 29, 2024.

Defendants' Motion to Dismiss Count Two is **DENIED**.

### III. CONCLUSION

Defendants' Motion to Dismiss (ECF No. 26) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Plaintiff argues that she adequately pled a willful FMLA violation as to her retaliation claim, but the Court need not address this argument because her claim was timely filed under the shorter statute of limitations.

6